THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MARTINO LODESERTO, PLAINTIFF IN ERROR.

Decided October 20, 1925.

**Crimes—Carnal Abuse of Woman-Child Under Sixteen—Defendant Presents Twenty Assignments of Error—Court's Refusal to Admit Evidence Tending to Show Character of Prosecutrix Sustained—Question of Age of Prosecutrix Sustained—Other Assignments Equally Unsubstantiated.**

On writ of error to the Passaic County Court of Special Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Isadore V. Klenert.*

For the defendant in error, *Jacob Willard De Yoe.*

PER CURIAM.

The plaintiff in error was convicted on an indictment containing three counts, based upon the one hundred and fifteenth section of the Crimes act (2 *Comp. Stat., p.* 1783), the first count charging that on the 15th day of September, 1925, with force and arms, at the city of Paterson, county of Passaic, in and upon E. Q., who was then a woman-child under the age of sixteen years, to wit, of the age of fifteen years, he did make an assault on the said E. Q. then and there did unlawfully and carnally abuse, he, the said Martino Lodeserto, being then and there over the age of sixteen years, to wit, of the age of twenty-eight years, contrary, &c. The second count charges the carnal abuse with the consent of E. Q., and the third count reiterates the charges of carnal abuse without her consent.

There are twenty assignments of errors. The first, second, third and fourth assignments of error challenge the legal

propriety of the trial judge in refusing to allow counsel of plaintiff in error to ask the prosecutrix the following questions.:

"Have you ever been out with other boys—I don't mean anything wrong—but have you been out with other boys?

"Did you ever keep company with any other boy?

"Have you ever had any sexual intercourse with any other boys?

"Have you ever been away from your parents' home up in the country for any length of time?"

The contention on behalf of the plaintiff in error is that the questions were asked to test the credibility of the prosecutrix.

The questions were properly excluded.

They were irrelevant to the issue being tried. *Foley* v. *State,* 59 *N. J. L.* (at *p.* 1); affirmed, 59 *Id.* 585. They were not admissible on the theory of discrediting the witness. *State* v. *Hendrick & Stanton,* 70 *Id.* 41.

The fifth assignment of error is based upon the refusal of the court to permit counsel of plaintiff in error, on cross-examination of the mother of the prosecutrix, to ask her this question: "I am asking you if you think your daughter is mistaken?" It is argued that the question was asked for the purpose of testing the credibility of the witness. The daughter had testified on her direct examination that she was fifteen years of age at the time the alleged criminal intercourse took place. The question was palpably incompetent. It was not a subject for opinion evidence. The inference to be drawn from the statement or conduct of a witness is solely within the province of a jury, or a court where the latter sits without a jury.

The sixth assignment of error attacks the legal propriety of the judicial action of the court in refusing when the state rested its case to direct a verdict of acquittal. The action for a direction was properly refused. There was testimony from which a jury would be warranted in finding that the statutory offense was committed by the defendant. The argument on behalf of the plaintiff in error is, that there was no proof

that the prosecutrix was under sixteen years of age at the time of her illicit intercourse with the defendant. But this assertion finds no support from the testimony. The mother of the prosecutrix testified as to the date of her daughter's birth, and it is made to clearly appear that she was under the age of sixteen years when the defendant had sexual intercourse with her.

The seventh and eighth assignments of error are based upon the refusal of the court to allow counsel of plaintiff in error to elicit from Charles Acorn, a witness on behalf of the defendant, with reference to certain card records giving the age of different pupils, including the prosecutrix. An examination of the records discloses that no exception was taken to the ruling of the court, and, hence, the subject-matter of the assignment is not properly reviewable.

The ninth, tenth and eleventh assignments of error relate to the exclusion by the court of a question put to defendant, on his direct examination by his counsel, and which question was: "Do you remember seeing Eruestine Quinteri sometimes going into some room?" The purport of the question was, as stated by the defendant's counsel, to show that she had been in the habit of going with other men. As already pointed out, the chastity of the prosecutrix was not an issue in the case, and, hence, any testimony directed to that end was not properly admissible. The remaining nine assignments of errors are equally unsubstantial and are frivolous.

Judgment is affirmed.